STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. OLIVE CORSON, PLAINTIFF IN ERROR.

Submitted February 12, 1932—Decided May 16, 1932.

For the appellant, *Edison Hedges*.

·  For the state, *Louis A. Repetto,* prosecutor of the pleas.

·  PER CURIAM.

The judgment under review will be affirmed, for the reasons given in the opinion of the Supreme Court, except as herein noted.

With respect to the admissibility of the dying declaration, its competency as evidence was sufficiently established by the recital therein contained, as follows: "I know that I will not live, and that my statement is my last." It is settled that such a recital in the declaration itself will justify its admission in evidence. *State* v. *Biango,* 75 *N. J. L.* 284, 79 *Id.* 523; *State* v. *Turco,* 98 *Id.* 61; *affirmed,* 99 *Id.* 96.

The fourth point, relating to opinion evidence by the nurse, is not supported by a proper objection at the trial, and there-

fore needs no consideration. The fourth assignment of error and fourth cause for reversal show on their face that the objection was to the answer as not responsive—an objection which may be taken only by examining counsel. *State* v. *D'Adame,* 84 *N. J. L.* 386. A prior objection was to an entirely different question, after it had been answered; and that is not brought before us. The fourth assignment and cause for reversal reads as follows:

"Because the court erroneously, over objection of counsel, permitted the following questions and answers:

" 'In your opinion do you think that she was under the belief that she was going to die at the time she signed this statement?

" 'Answer—She—— that statement was read to her.

" 'Mr. Hedges—I object to the question, the answer as not being responsive.

" 'The question is whether or not, in your opinion, you being the nurse in the case, you believe that this woman was under the premonition that she was going to die at the time she signed this statement?

" 'Answer—At the time she signed the statement, yes.

" 'The Court—All right, you may have your exception.' "

It will be observed that as we have said, the objection was to the answer as not responsive. Counsel first used the word "question" and then corrected it to "answer." If he really meant to object to the question, the ground of non-responsiveness is of course an impossible one. There was no valid objection before the court.

In addition to the points considered by the Supreme Court, and which it says are the only ones argued, a further point is made here which may be disposed of on the merits, viz., the exclusion of a question to defendant's witness, Mrs. Cavileer, on direct examination, whether she had talked to the state's witness, Mrs. Baeder, about whether or not defendant had committed the crime charged. This was objected to and excluded: and it is stated that the object was to show that Mrs. Baeder had told Mrs. Cavileer a story different from what Mrs. Baeder had told as a witness. If Mrs. Baeder

had been asked on cross-examination whether she had said certain things to Mrs. Cavileer and had not admitted saying them, then if the statements were relevant, the testimony of Mrs. Cavileer that Mrs. Baeder did make the statements would be proper by way of impeachment: but no such question had been asked of Mrs. Baeder and consequently no foundation had been laid for any testimony by Mrs. Cavileer as to what Mrs. Baeder had said.

The judgment will· be affirmed.

· *For affirmance*—PARKER, CAMPBELL, CASE, BODINE, DON-GES, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, KERNEY, JJ. 11.

*For reversal*—None.